GOODWIN v. BUCKMAN.

1. WAIVER: DILIGENCE. A guarantor may by parol waive the use of due diligence by the holder, in the enforcement of the obligation guaranteed, and failure to use such diligence in accordance with a promise or request of the guarantor does not discharge his liability.

*Appeal from Dubuque District Court.*

SATURDAY, DECEMBER 19.

PLAINTIFF sued before a justice of the peace upon a note made by Washburne to Gaines & Co. or bearer, dated March 11, 1858, due six months from date, which the defendant on the 14th of May, 1858, endorsed as follows: "I guaranty the collection of the within note." In the District Court plaintiff proposed to prove that after the note matured defendant told him not to sue it; that he, by parol, waived the requirement of law to sue the maker, and the use of diligence in the collection thereof; that he promised to pay the same without suit against Washburne; that he stated that he was afraid that nothing would be made by law; that he would see the maker and try and get the money, and if he did not he would pay it; all of which was objected to and the objection sustained.

Judgment for defendant, and plaintiff appeals.

*Wilson, Utley* and *Doud* and *J. M. King* for appellant, cited *Reed & Co.* v. *Crosthwait,* 6 Iowa 219.

*Barker, Chapline, Barney & Dillon* for the appellee.

WRIGHT, J.—We have no argument on the part of the appellee; and are not advised of the grounds upon which the evidence offered was rejected. It is only stated in the bill of exceptions, as to a portion of the testimony, that it was objected to as incompetent, and that the matters claimed could not be proved by parol.

The defendant is not a guarantor within the meaning of sections 953,—'54–'55 of the Code. His liability is not upon a blank indorsement, but arises from and is based upon his special undertaking. Treated as a conditional promise, the guarantor, as a general rule, is bound only in the event that the holder shall use diligence to collect from the maker. But that the use of this diligence may be waived by the guarantor, we have no doubt. And if at his instance and request and upon the faith of his promise the diligence is not used,

he is liable. It may be admitted that a parol agreement, made at the time of the guaranty, to waive the use of diligence, would not be admissible, because of its conflict with the written agreement. And there are cases holding that if the party guaranteed fails to perform the condition precedent, (the use of diligence,) so that in fact no obligation becomes perfect against the guarantor, a subsequent promise to pay will not render him liable. And the rule, according to the authorities, is based upon the doctrine that it is a new undertaking without a consideration to support it. (Edwards on Bills, 237, *Vanderver* v. *Wright*, 6 Barb. 547.) In this case, however, the proof offered in no sense contradicted the written guaranty, any more than proof of the waiver of *laches* in the case of an ordinary indorsement of negotiable paper. Nor was it offered to prove a promise, subsequent to the failure to perform the precedent condition. We understand the purpose of the offered testimony to have been to show an excuse for not using the diligence required of the holder. For this purpose we think it was admissible, for it was entirely competent for the guarantor, by parol, to release the holder from this legal duty. And if in consequence of this request and waiver by the guarantor, he failed to use diligence, we see no reason why he may not recover.

Judgment reversed.